USDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 11/6/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

VIDAPLAN, S.A.,

                Petitioner,

                             06 CV 4930 (KMK)

     -against-

                          **STIPULATED PROTECTIVE ORDER**

CIPRIANI INTERNATIONAL, S.A.,

                Respondent.

———————————————————————X

     Petitioner Vidaplan, S.A. ("Vidaplan") and Respondent Cipriani International, S.A.

("Cipriani"), hereby stipulate as follows:

I.     STIPULATION.

     WHEREAS, in the course of this proceeding disclosure may be sought of information

which Cipriani regards as being of a confidential, trade secret, and/or proprietary nature; and

     WHEREAS, the parties hereto desire to establish a mechanism to protect the disclosure

of such confidential, trade secret, or proprietary information in this action;

     IT IS HEREBY STIPULATED by and between the parties hereto, by their respective

undersigned counsel of record herein, that the following protective order shall govern the

disclosure of confidential, trade secret, and/or proprietary information provided by Cipriani

pursuant the Order of the Honorable Kenneth M. Karas dated August 21, 2006, and Cipriani's

continuing obligations under said Order, or as further directed by the Court.

II.    DEFINITIONS.

     The following definitions apply herein:

a.       The designation "CONFIDENTIAL" may be applied by a party to any type of information which that party believes in good faith to constitute proprietary or confidential information.

b.       The designation "CONFIDENTIAL - ATTORNEYS ONLY" may be applied by a party to any type of information which it believes in good faith to constitute confidential or trade secret information, the disclosure of which to a party would give that party an unfair competitive advantage.

c.       "Confidential Information" refers to all information which is subject to the designations "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS ONLY" as described above.

d.       "Counsel of Record" means the law firms, including all attorneys, paraprofessionals, clerks, and secretaries associated with or employed by such attorneys and law firms, whose review of such information is necessary to the attorneys prosecuting or defending this action.

e.       "Party" means every party to this proceeding and every director, officer, employee and managing agent of every party to this action, and any investor, shareholder, and/or affiliate of any party to the action.

f.       "Stipulation" means this Stipulated Protective Order.

III.    TERMS OF THE PROTECTIVE ORDER.

1.       Materials Subject to Designation.  All originals or copies of documents, in paper, electronic or other format produced hereunder (hereinafter collectively referred to as "Information") may be designated by the party producing the Information in conformity with the definitions set forth herein.

2.      Treatment of "Confidential - Attorneys Only" Information. Information designated as "CONFIDENTIAL - ATTORNEYS ONLY" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed in any way to person or entity other than counsel of record for a party. Such information shall be used only for the purposes of this litigation, and shall not be used for any business, financial, or other purpose whatsoever.

3.      Treatment of "Confidential" Information. Information designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed in any way to any person or entity other than counsel of record for a party and the parties to this action and their current employees. Such information shall be used only for the purposes of this litigation, and shall not be used for any business, financial, or other purpose whatsoever.

4.      Maintenance of "Confidential - Attorneys Only" Information and "Confidential Information." Counsel receiving designated information that is provided pursuant to this Order shall maintain such designated information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all designated information, so as to prevent the unauthorized or inadvertent disclosure of any designated confidential material.

5.      Manner of Designating Documents. A party shall designate documents containing Confidential Information by placing a legend on each page of any document that party wishes to protect against disclosure or use, or in the case of computer disks or tape, on the cover or container of the disk or tape. This legend shall state "CONFIDENTIAL ATTORNEYS ONLY," or "CONFIDENTIAL," as appropriate. A designation of Confidential Information as to any

thing of which inspection or sampling has been requested shall be made by placing a

"CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL" legend on the thing or

container within which it is stored, or by some other means of designation agreed upon by the

parties. All documents and things shall be marked prior to the production of a physical copy

thereof to the other party. In such cases, only counsel for the receiving party shall be permitted

access to anything designated "CONFIDENTIAL - ATTORNEYS ONLY" or

"CONFIDENTIAL" pursuant to the terms of this Order, prior to furnishing copies to the

receiving party. Such initial inspection shall not constitute waiver of confidentiality with respect

to any document so inspected.

      6.    Initial Failure to Designate Information. The initial failure to designate

information "CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL" in accordance

with this Order shall not preclude Cipriani, at a later date, from so designating and to require

such documents to be treated in accord with such designation from that time forward. If

Confidential Information has previously been disclosed to persons no longer qualified after such

designation, the disclosing party shall take reasonable efforts to obtain all such previously

disclosed information, advise such persons of the claim of confidentiality, and have such persons

execute written confidentiality agreements in the form attached hereto as Exhibit A.

      7.    Manner of Designating Depositions.

      A.    Should counsel of record for any party introduce or use any Confidential

information in a deposition, or believe that any question to a witness at a deposition upon oral

examination will disclose Confidential Information, or that answers to any question will require

such disclosure, or if documents designated as containing Confidential Information will be used

as exhibits during examination, counsel introducing or using such confidential information shall

have a duty to see that any confidential documents and any related testimony shall be  marked as subject to this Stipulation, and subject to disclosure only under the terms and provisions set forth in this Stipulation.  This shall be accomplished by instructing the reporter during the deposition, to designate a portion as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY."  If a party fails to so designate Confidential Information during a deposition, that party may subsequently designate portions of a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" by providing written notice to the reporter and all counsel of record within thirty (30) days after receipt of the transcript by the deponent or his counsel, in which case all counsel receiving the transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party.  Unless otherwise ordered by this Court, the designating party shall have the right to have all persons, except the deponent and his counsel, outside counsel of record for the named parties, the court reporter, and such other persons as are permitted under the terms of this Order to have access to the designated information, excluded from a deposition during the taking therein of testimony designated pursuant to this Order.

B.	To the extent that a deposition involves Confidential Information, the court reporter shall mark those portions of such deposition transcript(s) which concern Confidential Information with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY," as appropriate and shall place on the cover of the transcript notice that the transcript contains information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY," and subject to a protective order in this action.  If such Confidential Information is filed with the court, it must be filed under seal.

8.     Filing Documents With The Court. All information designated as Confidential
Information which is filed with the Court shall be filed or lodged in sealed packaging or as
otherwise directed by the Court and shall contain a legend or statement on the outside of the
envelope giving notice that the envelope contains documents and/or testimony which have been
filed under seal by and designated that its contents are confidential and subject to the terms of a
protective order of the Court.

9.     No Effect On Cipriani's Own Use. Nothing contained in this Order shall affect
the right of Cipriani to disclose to its officers, directors, employees, affiliates, or consultants or to
use as it desires any information originally possessed by it and designated and produced by it as
"CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL."

10.    Final Disposition of Proceeding. Upon the final disposition of this proceeding,
counsel of record for Vidaplan shall: (a) promptly return to counsel of record for Cipriani all
information designated "CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL" and
all copies made thereof  or  (b) promptly destroy or see to the destruction of all writings related
thereto and provide a sworn statement attesting to the return or destruction of all Confidential
Information in that person's possession and the date and manner of any such destruction.

11.    Survival of Terms. Absent written modification hereof by the undersigned
counsel or further order of the Court, the provisions of this Stipulation that restrict the disclosure
and use of Confidential Information shall survive the final disposition of this proceeding and
continue to be binding on all persons subject to the terms of this Stipulation. This Order applies
to any post judgment proceedings.

12. <u>Stipulation Binding When Signed</u>. This Stipulation shall be binding on the parties
hereto when signed regardless of when the Court enters its order hereon.

13. <u>Submitting to Jurisdiction of the Court</u>. Each person to whom disclosure of any
designated information is made shall be subject to and hereby submits to the jurisdiction of the
United States District Court for the Southern District of New York, which shall have jurisdiction
over the person for the purpose of contempt proceedings in the event of any violation of this
order.

14. <u>Governing Law.</u> This Stipulation is subject to the laws of the State of New York
and all applicable federal law and by the Federal Rules of Civil Procedure, the Federal Rules of
Evidence and all other applicable Local Rules or Individual Rules of the Court.

SO STIPULATED AND AGREED:

Dated: New York, New York
October 30, 2006

NIXON PEABODY LLP

By: Robert C. Sentner /cir
Robert C. Sentner (RS 5223)
437 Madison Avenue
New York, New York 10022
Tel. (212) 940-3000
Attorneys for Petitioner

ROBINSON BROG LEINWAND
GREENE GENOVESE & GLUCK PC

By: Christy L. Reuter
Christy L. Reuter (CLR 9075)
1345 Avenue of the Americas
New York, New York 10105
Tel. (212) 603-6300
Attorneys for Respondent

SO ORDERED:

Kenneth M. Karas USDJ
11/5/06

{00323849.DOC;1}                 7